IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL B. MOOREHEAD, )
      Plaintiff, )
  )
   vs. ) Civil Action No. 04-1398
  )
JO ANNE B. BARNHART, )
COMMISSIONER OF SOCIAL )
SECURITY, )
      Defendant. )

<u>JUDGMENT ORDER</u>

Gary L. Lancaster,
District Judge.                                          September 27, 2005

    This is an appeal from the final decision of the Commissioner denying plaintiff's claim for disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §1383(g)(3), which incorporates by reference 42 U.S.C. § 405(g). Plaintiff, Daniel B. Moorehead, alleges that the administrative law judge's ("ALJ") decision that he is not disabled, and therefore is not entitled to benefits, should be reversed because it is contrary to law and unsupported by substantial evidence. The parties have filed cross-motions for summary judgment on this issue.

    Plaintiff argues that the ALJ failed to accord controlling weight to a physician report, provided a hypothetical to the vocational expert which misstated his physical limitations and

failed to justify his determinations regarding plaintiff's credibility. The Commissioner contends that there is substantial evidence to support the ALJ's ultimate conclusion that, although plaintiff was unable to perform any of his past relevant work, he is able to perform a full range of light work, and is therefore not disabled under the Act.

Where the Commissioner's[1] findings are supported by substantial evidence we must affirm. 42 U.S.C. §405(g); see Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). Substantial evidence is more than a mere scintilla of evidence but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981).

The opinion of claimant's treating physicians "should be accorded great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In Plummer, the court of appeals held that "[a]n ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical

---

[1] The ALJ's decision became the final decision of the commissioner on July 17, 2004, after the Appeals Council denied plaintiff's request for review.

2

evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided."  Id. at 429.

A hypothetical question posed to a vocational expert must include all a claimant's impairments that are supported in the record. Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002). The ALJ must give some indication of the evidence which he rejects and provide reasons for his decision. Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000). In evaluating a claimant's subjective statements regarding his own limitations, the ALJ must determine whether the claimant's testimony is supported by medical evidence of record. Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). Where the ALJ poses a hypothetical which "set[s] forth every credible limitation established by the physical evidence," the testimony of the vocational expert provides substantial evidence for the ALJ's conclusion that the claimant is not totally disabled. Plummer, 186 F.3d at 431.

The ALJ, after reviewing all of the medical evidence in the record, as well as the claimant's testimony at the hearing, concluded that claimant was capable of performing "light" work. Specifically, the ALJ concluded that the opinion of one of claimant's physicians, Dr. Kucera, was inconsistent "with the

3

clinical and objective findings of record." (R. at 21). Thus, the hypothetical the ALJ posed to the vocational expert was appropriate. The ALJ further concluded that claimant's testimony was inconsistent with both his own prior reports of his daily activity and the medical evidence of record.

Based on the evidence of record and the briefs filed in support of each party's summary judgment motion, the court concludes that substantial evidence supports the Commissioner's finding that plaintiff is not disabled. The decision of the administrative law judge denying plaintiff's application for disability benefits will be affirmed.

AND NOW, this 27th day of September, 2005, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment is DENIED and defendant's motion for summary judgment is GRANTED.

BY THE COURT:

_____, J.

cc:   All Counsel of Record